IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, a Florida Banking Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 11-00169-CB-B |
| ) | |
| GARRETT INVESTMENTS, LLC, JOHN B. FOLEY IV and LAUREN FOLEY, ) | |
| ) | |
| Defendants.   ) | |

## OPINION and ORDER

This matter is before the Court on a motion for summary judgment filed by the Plaintiff, Vision Bank (Doc. 32). Defendants have filed a response to the motion (Doc. 36), and Plaintiff has filed a reply brief (Doc. 37). After considering all issues raised in light of the undisputed facts and the applicable law, the Court finds that the motion is due to be granted as to all issues except the applicable post-judgment interest rate.

**Facts**

Defendants John B. Foley IV and Lauren Foley are the sole members of defendant Garrett Investments, LLC, a limited liability corporation. On October 29, 2009, the Foleys, acting on behalf of Garrett Investments signed a renewal Multipurpose Note and Security Agreement ("the Note") in favor of Vision Bank in the principal amount of $1,299,675.00, secured by two parcels of real property located in Baldwin County, Alabama. The Note is a form contract, with the applicable provisions checked. One of those checked provision states: "Single Advance: I have received all of this principal sum. No additional advances will be made under the note." (Note, Doc. 1-1.) By its terms, the Note is due on demand or, if no demand,

then it "is payable in 13 payments of all accrued interest monthly beginning November 29, 2009, plus a final payment consisting of the full amount of principal, all accrued interest, charges and fees remaining due and payable on December 29, 2010." (*Id.*)  The Note gives the Bank the right to accelerate the maturity of the Note if the borrower defaults.  Among the listed events of the default is "fail[ure] to make a required payment when due." (*Id.*)  The Note also contains a provisions regarding post-maturity interest, which states:

> **Post-Maturity Interest**   Interest will accrue after maturity on the unpaid balance of this note on the same basis as interest accrues prior to maturity unless a specific post maturity rate is agreed to in the next sentence.

(*Id.*)  The next sentence is checked and states that "interest will accrue at the rate of 18.00 % per year on the balance of this note not paid at maturity, including maturity by acceleration." (*Id.*)  Finally, in the event of default, the Note permits the Bank to recover reasonable costs and attorney's fees incurred in attempting to collect the debt.  (*Id.*)

On the same date the Note was executed, both John Foley and Lauren Foley signed separate Unlimited Continuing Guaranty Agreements ("the Guaranty Agreements") as additional security for the Note.  In these Guaranty Agreements, each of the Foleys "unconditionally guaranteed the prompt and full payment and performance of [Garret Investments'] present and future, joint and/or several, direct or indirect, absolute and contingent, express and implied indebtedness, liabilities, obligations and covenants…" (Guaranty Agreements, Docs. 1-2, 1-3 ¶ 2.)

Garrett Investments defaulted on the Note when it failed to make a monthly payment due October 31, 2010 and also by failing to pay the Note at maturity on December 29, 2010.  On February 28, 2011, the Bank demanded payment of all indebtedness from the Defendants.  The amount of outstanding principal is $1,302,164.33, with prejudgment interest accruing at the rate of 18% per annum or $651.08 per diem.  In connection with its efforts to collect on the Note, the

Bank has incurred attorney's fees in the amount of $13,542.00, and costs and expenses in the amount of $810.95.

On April 7, 2011, Vision Bank filed this action[1] asserting separate breach of contract claims against each Defendant as well as a claim for accounting against all Defendants.

**Issues Raised**

In its motion, Vision Bank seeks summary judgment on two matters. First, it asserts that it has satisfied each of the elements necessary to recover on its breach of contract claims. In response, Defendants argue the Bank has failed to establish one of the essential elements of its breach of contract claim, i.e., that it performed under the contract. Second, the Bank also seeks a declaration regarding the post-judgment interest rate that would apply to any recovery in this action. The Bank argues that the statutory interest rate normally applicable to judgments has been superseded by contract. The Defendants disagree.

**Summary Judgment Standard**

Summary judgment should be granted only if "there is no issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Once the moving party has satisfied his responsibility, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.* Where the moving party has the burden of proof at trial, that party also has a greater burden on summary judgment. In that case:

---

[1] The complaint invokes the Court's diversity jurisdiction under 28 U.S.C. § 1332. It alleges an amount in controversy greater than $75,000, that the Bank is Florida banking institution with its principal place of business in Florida and that the Defendants are Alabama citizens.

> [The] moving party must show affirmatively the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party, in response, come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact.

*United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citations and internal quotation marks omitted; emphasis in original).

**Legal Analysis**

### *Breach of Contract*

In support of its motion for summary judgment, Vision Bank has presented signed copies of the Note and Guaranty Agreements.  The Bank has also presented an affidavit from Karen Harmon, Senior Vice-President for Operations, attesting that the Note is in default, that demand has been made and also setting forth the outstanding balance.  Defendants argue that the Bank's claim fails on summary judgment because it has failed to present *affirmative* evidence of performance, an essential element of a breach of contract claim.  Specifically, Defendants assert that "Vision Bank has failed to sufficiently establish that it fully performed its obligations under the alleged contract . . or that Vision Bank actually loaned the money to Garrett."  Def.'s Br., Doc. 36, 2.  In the context of a promissory note, the Alabama Supreme Court has held that evidence similar to that presented by Vision Bank is sufficient.  *See  Griffin v. American Bank,* 628 So. 2d 540, 543 n. 4 (Ala. 1993) (copy of promissory note along with affidavit from bank officer sufficient to support summary judgment).  Furthermore, the following statement from Note itself provides evidence of the Bank's performance:

> ☒ **Single Advance**:  I have received all of this principal sum.  No additional advances will be made.

4

Note, Doc. 1-1.  This acknowledgement by Garrett Investments that it had received the principal sum (the amount of which is set forth elsewhere in the Note) proves the Bank's performance.  As far as the Court can determine, Vision Bank had no other obligations under the contract.  Thus, evidence establishing the existence of the promissory note, Garrett Investments' default on that note and the amount owed is sufficient to establish a breach of contract claim against Garrett Investments.

Vision Bank's claims against the guarantors, John Foley and Lauren Foley, are uncontested.  To obtain recovery from the guarantors, the Bank must prove:  (1) "the existence of the guaranty contract," (2) "default on the underlying contract by the debtor," and (3) "nonpayment of the amount due from the guarantor under the terms of the guaranty."  *Sharer v. Bend Millwork Sys., Inc.,* 600 So. 2d 223, 225-26 (Ala. 1992) (citation omitted).  Those elements having been met, Vision Bank is entitled to summary judgment on its breach of contract claims against the guarantors.

The Defendants have sprinkled their summary judgment response with a few non-responsive arguments that require only minimal attention.  First, they argue that there are disputes as to the value of the property used as security for the Note.  That fact has nothing to do with Defendants' liability on the Note.  Second, they point out that Vision Bank has not exercised its right to foreclose on the property.  While Vision Bank does have the right to foreclose, foreclosure is not a condition precedent to recovery.  *See* Note ¶ 13, Doc. 1-1 (setting out Bank's rights under security agreement in event of default).  Finally, Defendants aver that they have a buyer for the property at issue and request that the Court withhold judgment to allow time for the sale to take place.  That is a matter for settlement negotiations, not a defense to summary judgment.

### *Post-Judgment Interest Rate*

Post-judgment interest in a civil case is determined by 28 U.S.C. § 1961(a) which provides that the rate of interest "shall be calculated from the date of the entry of the judgment [ ] at a rate equal to the weekly average 1-year constant maturity Treasury [bill] . . . for the calendar week preceding the date of the judgment." *Id.*; *See also G.M. Brod & Co., Inc. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985) (holding that § 1961 applies in diversity cases). Vision Bank contends that a different rate applies in this instance—the 18% default interest rate specified in the Note. The issue is actually twofold: (1) Can the parties override the statutory rate by agreement? (2) If so, does the contract in this case demonstrate such an agreement?

Although the Eleventh Circuit has never addressed the issue, the consensus among courts that have is that parties may agree to a different post-judgment interest rate. *See, e.g., FCS Advisors, Inc. v. Fair Finance Co., Inc.*, 605 F.3d 144, 148-49 (2nd Cir. 2010); *In re Riebesell*, 586 F.3d 782, 794 (10th Cir. 2009); *Cent. States, Se. & Sw. Areas Pension Fund v. Bomar Nat'l, Inc.*, 253 F.3d 1011, 1020 (7th Cir. 2001); *In re Lift & Equip. Serv., Inc.*, 816 F.2d 1013, 1018 (5th Cir. 1987); *Carolina Pizza Huts, Inc. v. Woodward*, 67 F.3d 294 (4th Cir. 1995) (unpublished table decision). However, "federal law requires 'language expressing an intent that a particular interest rate apply to judgments or judgment debts' to be 'clear, unambiguous and unequivocal.'" *Jack Henry & Associates, Inc. v. BSC, Inc.,* 753 F.Supp.2d 665, 670 (quoting *FCS Advisors*, 605 F.3d at 148). This requirement arises from the principal that the debt is extinguished upon entry of judgment and a new debt, a judgment debt, is created. *Id.* "The parties must explicitly state that they are agreeing to a postjudgment interest rate." *Id.*

The Note in this case does not contain the type of "clear, unambiguous and unequivocal language" necessary to circumvent the statutory interest rate. Here, the parties merely agreed

6

that "interest will accrue at the rate of 18.00% per year on the balance of this note if not paid at maturity, including maturity by acceleration." The Bank argues that "post-maturity" includes all times after the entry of judgment. Similar arguments have been uniformly rejected. *See*, *e.g.*, *In re Riebesell*, 586 F.3d at 794 (contract's default interest rate provision not sufficient to override statutory rate); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2nd Cir. 2004) (contractual agreement adding 15% interest rate to arbitration award from "date payment was due" did not override statutory rate); *Jack Henry*, 753 F.Supp.2d at 670-72 (interest rate applicable to past due amounts insufficient). Because the Note does not contain an express provision for a post-judgment interest rate, Vision Bank is entitled to post-judgment interest only to the extent provided by § 1961(a).

**Conclusion**

For the reasons set forth above, the Court finds that the Plaintiff is entitled to summary judgment on its breach of contract claims. It is not, however, entitled to summary judgment on its claim regarding the post-judgment interest rate. On or before **March 12, 2012**, the parties shall confer and jointly inform the Court whether a court-ordered accounting and inspection of this Defendant's books and records will be necessary. A final judgment will be entered after the resolution of the accounting claim.

**DONE** and **ORDERED** this the 27th day of February, 2012.

*s/Charles R. Butler, Jr.*
**Senior United States District Judge**